IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AIDE RODRIGUEZ, *also known as* HAYDEE RODRIGUEZ,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, *a foreign corporation*,

    Defendant.

Case No. 21-1086-DDC-ADM

**MEMORANDUM AND ORDER**

Plaintiff Aide Rodriguez ("Rodriguez") filed this lawsuit seeking to recover from defendant Safeco Insurance Company of America ("Safeco") pursuant to the underinsured-motorist provision of her insurance policy. (ECF 1.) Rodriguez seeks to recover medical expenses she incurred as a result of injuries she sustained in an automobile accident with an underinsured motorist in January of 2018.

This matter now comes before the court on the parties' Joint Motion for an Order Authorizing Inspection and Reproduction of Medical and Protected Health Information and Waiver of Physician-Patient Privilege. (ECF 11.) By way of this motion, the parties ask the court to enter the proposed order attached as Exhibit A to facilitate collecting Rodriguez's medical records and information during discovery. The proposed order includes a finding that Rodriguez has "waived any physician-patient relationship privilege that existed with Shannon Lower-Kirker"; it authorizes and directs Rodriguez's healthcare providers "to make available for examination and reproduction by the parties and their counsel . . . any protected healthcare information within their care, custody and/or control concerning . . . Rodriguez," excluding substance abuse records; and it authorizes the parties and counsel to speak ex parte with

Rodriguez's healthcare providers if those individuals agree to participate. For the reasons explained below, the parties' joint motion is denied without prejudice.

## I. SCOPE OF THE PROPOSED ORDER

The parties argue the court should enter their proposed order because "the legal protections that ordinarily would prevent the release of . . . Rodriguez's protected health information have been waived." (ECF 12, at 2.) Certainly, the court may enter an order authorizing the release of protected health information ("PHI"). *See* 45 C.F.R. § 164.512(e)(1)(i) (covered entity may disclose PHI in "response to an order of a court"). However, courts are still bound by the scope of discovery in the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1) (defining the scope of discovery). Therefore, an order authorizing the release of PHI must be limited to records and information that are relevant to the case. *See, e.g.*, *Pratt v. Petelin*, No. 09-2252-CM-GLR, 2010 WL 446474, at *3 (D. Kan. Feb. 4, 2010) (modifying a proposed order to encompass relevant providers but to omit irrelevant ones, such as social workers, educators, and governmental agencies but issuing the order without a temporal scope given the broad allegations of plaintiff's injuries).

Here, the parties ask the court to enter an order authorizing the release of *all* of Rodriguez's medical records—presumably for all care and treatment for all time—excluding only substance abuse records. While some of Rodriguez's medical records are discoverable, an order authorizing discovery of *all* of her medical records seems to target a large portion of information that is not relevant and thus not proportional to the needs of this case. For example, the complaint alleges that Rodriguez was injured in January 2018. The parties make no attempt to explain why medical records predating or unrelated to the accident at issue are relevant and proportional. The parties

have not tailored their proposed order to target relevant medical records while omitting irrelevant ones.

Moreover, the proposed order authorizes discovery of medical records subject to statutory and regulatory protections beyond those afforded by the Health Insurance Portability and Accountability Act ("HIPAA"). While the parties exclude substance abuse records relating to Rodriguez from their proposed order,[1] the order's broad language would also encompass records regarding HIV and AIDS diagnosis and treatment and mental health if any such records exist. HIV and AIDS-related information must be maintained as confidential under Kansas law and may only be disclosed pursuant to the exceptions set forth in KAN. STAT. ANN. § 65-6002(d). *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 3756591, at *3 (D. Kan. July 15, 2013). Here, the parties do not explain how any such information (if it exists) would be relevant or if any exception permitting disclosure applies. Kansas has also codified a patient privilege specific to "any confidential communications made for the purposes of diagnosis or treatment of [a] patient's mental, alcoholic, drug dependency or emotional condition," *see* KAN. STAT. ANN. § 65-5602(a), but that privilege does not apply if the patient relies on any of those conditions as part of her claim or defense in a lawsuit, *see* KAN. STAT. ANN. § 65-5603(a)(3). Here, it appears that Rodriguez may have put her mental or emotional condition at issue in this case. (*See* ECF 1 ¶ 9 (alleging, *inter alia*, that Rodriguez has experienced "pain and suffering, mental anguish, . . . [and] loss of enjoyment of life").) But, again, the parties have not addressed the relevance of such information or explained how disclosure is warranted under § 65-5603(a)(3).

---

[1] Substance-abuse-related records are subject to heightened protection under 42 U.S.C. § 290dd-2 and Kansas law, so the court generally will only authorize disclosure on a showing of good cause. *See Pratt*, 2010 WL 446474, at *3 (discussing criteria for authorizing release such these records).

The parties' proposed order also authorizes ex parte interviews of Rodriguez's treating physicians and other healthcare providers.  The parties contend that neither HIPAA nor the physician-patient privilege prohibit ex parte interviews, and the proposed order will reassure providers that such interviews are permitted, level the playing field by providing Safeco equal access to Rodriguez's medical information, and result in time and cost efficiencies.  (ECF 12, at 4-6.)  Judges in this District routinely issue orders authorizing ex parte interviews with treating physicians when a plaintiff has placed her medical condition at issue.  *See Guarnotta v. Ashcom*, No. 18-1099-EFM-GEB, 2018 WL 2445033, at *2 (D. Kan. May 31, 2018) (collecting cases).  However, again, the language in the parties' proposed order authorizes ex parte interviews with *all* treating providers without any limit as to time or subject matter.  The parties also have not tailored this aspect of the order to target relevant and proportional information or providers.

## II.    PRIVILEGE WAIVER

The parties' proposed order contains a finding that Rodriguez "has made a claim for personal injuries, and in filing this lawsuit has, pursuant to K.S.A. 60-427, waived any physician-patient relationship privilege that existed with Shannon Lower-Kirker."  Yet the parties provide no information as to who Shannon Lower-Kirker is.  To the extent that Shannon Lower-Kirker is one of Rodriguez's healthcare providers, it is unclear whether the parties intend their proposed order to apply to only to medical records and information maintained or known by this individual.  However, given that the remainder of the proposed order refers to multiple "providers," the specific reference to Shannon Lower-Kirker may be a mistake.

Regardless, the language in the parties' proposed order regarding privilege waiver is both imprecise and inaccurate.  For one, the Kansas statute establishing the physician-patient privilege provides that the privilege does not exist when the plaintiff's condition is an element or factor of

4

her claim or defense. KAN. STAT. ANN. § 60-427(d). In other words, "there is simply no privilege available to the plaintiff," and thus no privilege to waive. *See Williamson v. Joslin*, No. 15-2657-JWL-TJJ, 2015 WL 5125421, at *2 (D. Kan. Sept. 1, 2015); *cf. Rickabaugh v. Yost*, No. 18-2624-CM, 2019 WL 5824589, at *3 (D. Kan. Nov. 7, 2019) (finding the privilege still applied to substance abuse treatment records in a medical malpractice case because such records were irrelevant). The parties recognize this, stating that "Kansas law provides that when a patient places their [sic] medical condition at issue in a lawsuit, the physician patient privilege ceases to exist." (ECF 12, at 3.) But the parties nevertheless included a finding in their proposed order stating that Rodriguez waived a privilege that she has not invoked and that would not apply. That is inaccurate.

Further, as discussed above, a separate patient privilege applies to "confidential communications made for the purposes of diagnosis or treatment of the patient's mental, alcoholic, drug dependency or emotional condition." KAN. STAT. ANN. § 65-5602(a). That privilege also does not apply when the plaintiff relies on substance-abuse treatment as an element of her claim or defense. KAN. STAT. ANN. § 65-5303(a)(3); *see also Yost*, 2019 WL 5824589, at *2 (discussing the heightened standard for disclosure of these records). It is unclear whether this privilege is fully in effect in this case, as the parties do not address communications relating to Rodriguez's mental or emotional condition in their motion. At the very least, it would still operate to protect substance-abuse-related information. (*See* ECF 12, at 4 ("The parties recognize the privilege created by K.S.A. 65-5602(d) relating to substance abuse records remains intact.").) Therefore, it is also inaccurate for the proposed order to state that Rodriguez has waived "any physician-patient relationship privilege" between herself and healthcare providers who possess this information.

**III.    REQUIRED DOCUMENT PRODUCTION**

The parties' proposed order also goes beyond merely *authorizing* healthcare providers to release documents related to Rodriguez.  It states that providers are "*directed* . . . to make available for examination and reproduction . . . any protected healthcare information within their care, custody and/or control concerning Aide Rodriguez" and that such information "*shall* be produced." (Emphasis added.)  The court will not enter an order requiring non-parties to produce documents when they have not been given notice and an opportunity to be heard.  Doing so would "bypass the procedures and protections afforded by Rule 45, which would result in the deprivation of the producing party's opportunity to contest the requested documents." *Paliwoda*, 2013 WL 3756591, at *4.

**IV.    RENEWAL**

The court appreciates the potential efficiencies that can be gained by a court order authorizing the release of medical records.  But these types of orders must be narrowly tailored to target relevant information.  Rarely would a recycled form order fit the bill.  Further, an order authorizing healthcare providers to release records must do just that; the court will not direct third parties to produce documents in such an order and deprive them of the protections afforded through the subpoena process.  Because of the deficiencies in the parties' proposed order described above, including the exceedingly broad scope that the parties have made no attempt to explain in their motion, the court denies the parties' joint motion.  The motion is denied without prejudice, however.  The parties may revise their proposed order in accordance with the guidance set forth above and file a renewed motion.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for an Order Authorizing Inspection and Reproduction of Medical and Protected Health Information and Waiver of Physician-Patient Privilege (ECF 11) is denied without prejudice.

Dated June 4, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

7